IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-HC-2117-FL

| | | |
|---|---|---|
| WILLIAM ISAAC SMALLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN FMC BUTNER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss (DE 9), filed pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion has been fully briefed and thus the issues raised are ripe for decision. For the reasons explained below, respondent's motion to dismiss is granted, and the petition is dismissed without prejudice.

**BACKGROUND**

On April 14, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to bank robbery, in violation of 18 U.S.C. § 2113(a) (count one), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). United States v. Smalls, No. 1:10-CR-8-MR-1 (W.D.N.C. Apr. 14, 2010 & Oct. 18, 2010). The sentencing court sentenced petitioner to 178 months' imprisonment on count one and 84 months' imprisonment on count two, and ordered the terms to run consecutively. Id. (Oct. 18, 2010). Petitioner appealed his conviction and sentence, but the Fourth Circuit affirmed. Id. (June 9, 2011). Petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 20,

2012, which the sentencing court denied. Id. (May 21, 2014). Petitioner filed second motion to vacate on June 27, 2016, arguing that his conviction and sentence on count two in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Id. (June 27, 2016). The sentencing court denied the second motion without prejudice to petitioner seeking authorization from the Fourth Circuit to file a second or successive petition. Id. (July 26, 2016).

On June 12, 2017, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges his sentence should be vacated because he no longer qualifies for the career offender enhancement under Mathis v. United States, 136 S. Ct. 2243 (2016). Petitioner also alleges his bank robbery sentence is unreasonable in light of Dean v. United States, 137 S. Ct. 1170 (2017). On May 14, 2018, respondent filed motion to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(1), arguing the court lacks subject matter jurisdiction.

## DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts

2

alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.     Analysis

As noted, petitioner argues that his sentence should be vacated because he no longer qualifies for the career offender enhancement under Mathis. See U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2 (Nov. 2009) (permitting enhanced sentence where defendant is convicted of a felony that is either a crime of violence or a controlled substance offense and the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense). In Mathis, the Supreme Court held that a state burglary conviction could not serve as a predicate conviction for purposes of the Armed Career Criminal Act sentencing enhancement, 18 U.S.C. § 924(e), because it covered a "greater swath of conduct" than generic burglary. 136 S. Ct. at 2250-51. Petitioner argues that the predicate convictions used to designate him a career offender are invalid under the principles set forth Mathis.

Petitioner also challenges his sentence pursuant to Dean v. United States, 137 S. Ct. 1170 (2017). In Dean, the Supreme Court held that a sentencing court can consider that a defendant is subject to mandatory consecutive sentences under 18 U.S.C. § 924(c) when calculating the

3

appropriate sentence on the predicate offense.[1] 137 S. Ct. at 1178. Petitioner argues the sentencing court did not comply with Dean because it did not consider his consecutive § 924(c) sentence when it imposed the sentence for his predicate bank robbery conviction.

Finally, in his response to the instant motion to dismiss, petitioner argues his § 924(c) conviction is invalid in light of Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague.[2] 135 S. Ct. at 2555. The Supreme Court subsequently held that Johnson applies retroactively to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Petitioner argues that Johnson's holding should be extended to invalidate a similar residual clause found in § 924(c) and that as a result his § 924(c) conviction should be vacated.[3]

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The legality of a federal prisoner's sentence, however, must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d

---

[1] Section 924(c) imposes a mandatory consecutive sentence for use or possession of a firearm during and in relation to any crime of violence or drug trafficking crime. 18 U.S.C. § 924(c). The predicate offense is thus the underlying violent crime or drug trafficking offense.

[2] The Armed Career Criminal Act's residual clause defines a "violent felony" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[3] Notably, the Supreme Court has granted certiorari in Davis v. United States, which will address petitioner's argument that Johnson invalidates § 924(c)(3)'s residual clause. No. 18-431 (U.S.), 2019 WL 98544, cert. granted (Jan. 4, 2019). Even if Davis invalidates § 924(c)(3)(B), however, petitioner's § 924(c) conviction may still be valid under the "force" clause," § 924(c)(3)(A). See Unites States v. Simms, __ F.3d __, 2019 WL 311906, at *2 (4th Cir. Jan. 24, 2019) (explaining § 924(c) predicate conviction can qualify as a crime of violence under the force clause even if the residual clause is unconstitutional). For the reasons set forth below, the court expresses no opinion on whether petitioner's bank robbery conviction qualifies as a crime of violence under § 924(c)(3)'s force or residual clauses.

1192, 1194 (4th Cir. 1997) (en banc). Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution, of his sentence.

The Fourth Circuit recently addressed the standard for determining when § 2255 is an inadequate or ineffective remedy in the context of sentencing errors. See United States v. Wheeler, 886 F.3d 415, 428-429 (4th Cir. 2018). The court held:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. If petitioner cannot satisfy each of these four requirements, § 2255 is not inadequate or ineffective to test the legality of the sentence, and the court lacks subject matter jurisdiction to consider the claim under § 2241. Id. at 426, 429.

Here, petitioner cannot satisfy the second prong of the Wheeler test, which requires a showing that the "settled substantive law changed and was deemed to apply retroactively on collateral review." Id. at 429. A "case announces a new rule [that may be retroactively applicable on collateral review] if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). As the Fourth Circuit has explained, "Descamps[4] and Mathis did not announce a retroactively applicable substantive change in the law" because the results in those cases were dictated by prior precedent. Brooks v. Bragg, 735

---

[4]Petitioner also cites Descamps v. United States, 570 U.S. 254 (2013) in further support of his Mathis claim.

5

F. App'x 108, 109 (4th Cir. 2018) (citing Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case.") and Descamps, 570 U.S. at 260 (noting that Supreme Court precedent "all but resolved this case")); Copeland v. Kassell, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because Mathis does not apply retroactively); see also Dimott v. United States, 881 F.3d 232, 237 (1st Cir. 2018) (holding Mathis does not apply retroactively to cases on collateral review), cert. denied sub nom. Casey v. United States, 138 S. Ct. 2678 (2018).

Dean also has not been "deemed to apply retroactively" to cases on collateral review. See Habeck v. United States, 741 F. App'x 953, 954 (4th Cir. 2018) (affirming dismissal of § 2241 petition alleging Dean claim because "Dean has not been held to apply retroactively to cases on collateral review"); see also In re Dockery, 869 F.3d 356, 356 (5th Cir. 2017) (holding Dean has not been recognized as applying retroactively to cases on collateral review). Additionally, Dean made clear that its holding was dictated by the Court's prior precedent. See Dean, 137 S. Ct. at 1177-78 (citing Kimbrough v. United States, 552 U.S. 85, 103 (2007)).

As noted, petitioner also asserts his sentence is illegal under Johnson v. United States, 135 S. Ct. 2551 (2015). This claim cannot satisfy the third prong of the Wheeler test, which requires that the petitioner demonstrate he cannot establish § 2255(h)(2)'s gatekeeping requirements for second or successive § 2255 motions. Wheeler, 886 F.3d at 429. Section 2255(h)(2) provides that the court of appeals may authorize filing of a second or successive § 2255 motion if the motion "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Johnson announced a new rule of constitutional law and the Supreme Court has made it retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1268. The Fourth Circuit also has authorized second or

6

successive § 2255 motions based on Johnson challenges to a petitioner's sentence. See In re Hubbard, 825 F.3d 225, 235 (4th Cir. 2016). Accordingly, petitioner's Johnson claim may satisfy the § 2255(h)(2) gatekeeping requirements and petitioner therefore cannot establish the third prong of the Wheeler test.[5] The court expresses no opinion on whether the Fourth Circuit will ultimately authorize petitioner to file a second or successive § 2255 motion, or on the potential merits of petitioner's Johnson claim.

To summarize, petitioner has not shown that § 2255 is an inadequate or ineffective remedy under the Wheeler test, and thus the court does not have jurisdiction to consider the petition. Wheeler, 886 F.3d at 426.

## CERTIFICATE OF APPEALABILITY

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 9), DENIES a certificate of appealability, and DISMISSES the petition without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of February, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[5]The court also cannot convert the petition into a § 2255 motion because petitioner must obtain authorization from the Fourth Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2255(h)(2).